UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

PERCY WEST,

                  Petitioner,

-against-

MICHAEL P. MCGINNIS, Superintendent,

                  Respondent.
------------------------------------------------------------------ X

00 CV 2398 (ARR)

<u>NOT FOR PUBLICATION</u>

<u>OPINION AND ORDER</u>

ROSS, United States District Judge:

    The <u>pro se</u> petitioner Percy West ("West" or "petitioner") filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 25, 2000. The court denied the petition by order dated September 25, 2002. Petitioner thereafter sought a certificate of appealability from the Second Circuit, which was denied by mandate issued on February 19, 2003. Petitioner then filed a motion to reconsider pursuant to Fed. R. Civ. P. 60(b) on November 10, 2003, arguing that the court had erred in its analysis of his ineffective assistance of counsel claim. Petitioner's motion argued that his trial counsel had not advised him of the desirability of the plea offer and had inaccurately advised him of his sentencing exposure if he proceeded to trial. By order dated September 2, 2004, the court reopened petitioner's case, assigned counsel, and scheduled an evidentiary hearing, which was conducted on April 1, 2005. For the reasons set forth below, the court denies West's motion to reconsider the denial of his petition for a writ of habeas corpus.

## BACKGROUND

1

West is incarcerated pursuant to a judgment of conviction, following a jury trial, of four counts of attempted murder in the second degree, five counts of attempted aggravated assault upon a police officer, one count of kidnapping in the second degree, one count of criminal possession of a weapon in the second degree, and two counts of criminal possession of a weapon in the third degree. The conviction arose from the armed robbery of a Brooklyn pet store in 1992, during which petitioner kidnapped a cashier and fired twelve rounds from two handguns at six police officers while attempting to escape. For these crimes, West received an aggregate prison sentence of 132 ½ years to life.

The court stayed West's initially filed petition by order dated June 12, 2000, to allow him to file a second section 440 motion in state court. In that motion, petitioner argued that his trial counsel had been ineffective for failing to properly advise West that he should accept respondent's initial plea offer of six to twelve years in full satisfaction of the indictment and for misrepresenting his maximum sentencing exposure if he proceeded to trial by stating that petitioner could receive "up to 25 years to life." The state court denied petitioner's motion on the merits, stating that "[d]efendant may regret his decision to ignore his counsel's recommendation that he accept a favorable plea offer but that does not render his counsel ineffective." Decision of Sept. 5, 2000 at 4. After the state court denied the motion, petitioner included this exhausted ineffective assistance claim in a renewed petition for a writ of habeas corpus filed with the court on April 9, 2001.

By order dated September 25, 2002, the court denied habeas relief. After unsuccessfully seeking a certificate of appealability from the Second Circuit, petitioner filed a motion for reconsideration pursuant to Fed. R. Civ. P. 60(b), arguing that the court had erred in

its analysis of his ineffective assistance claim. In his motion for reconsideration, petitioner persuasively argued that the court, in denying habeas relief, had mistakenly conflated a sentence of "25 years to life," which offers the possibility of parole after twenty-five years, with a life sentence, which offers no possibility for parole. Petitioner maintains that his trial counsel informed him that he faced twenty-five years to life if he proceeded to trial, and that the disparity between this figure and his actual sentence, 132 ½ years to life, constitutes ineffective assistance. Petitioner also reiterated his argument that counsel had not advised him of the desirability of the plea offer.

Following receipt of petitioner's motion to reconsider, the court reopened the case to consider the ineffective assistance claim, appointed counsel to represent petitioner, and scheduled an evidentiary hearing. Having reviewed the Second Circuit's decision in Gordon v. United States, 156 F.3d 376 (2d Cir. 1998), in which the court affirmed the district court's grant of habeas relief under 28 U.S.C. § 2255 in light of trial counsel's gross underestimation of Gordon's sentencing exposure, the court was concerned that the section 440 court's ruling may have been an unreasonable application of Supreme Court precedent. The state court had apparently issued its ruling assuming that counsel had told petitioner that he faced "up to 25 years to life" without holding a hearing or requesting an affidavit from counsel. Concerned by the state court's conclusion of law on the basis of those assumed facts, this court granted petitioner an evidentiary hearing to determine what information and advice counsel had conveyed to petitioner concerning the plea offer. Jones v. Vacco, 126 F.3d 408, 417n.2 (2d Cir. 1997) ("In habeas cases, the district court is not limited to the state court record, and has discretion to conduct an evidentiary hearing.").

3

The court conducted the hearing on April 1, 2005. Petitioner, his mother, and petitioner's trial counsel, Howard Kirsch, testified at the hearing. The parties submitted post-hearing briefs in support of their positions.

## DISCUSSION

I. AEDPA Standard of Review

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), enacted in 1996, established a deferential standard that federal habeas courts must apply when reviewing state court convictions. 28 U.S.C. § 2254(d). The statute provides, in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"[C]learly established Federal law, as determined by the Supreme Court of the United States" "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. 362, 412 (2000). A state court decision is "contrary to" clearly established Supreme Court precedent if "the state court applies a rule that contradicts" Supreme Court precedent or if "the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] Supreme Court and nevertheless arrives at a result different from that precedent." Id. at 405-06. With respect to the "unreasonable application" clause, "a federal habeas court...should ask whether the state court's application of clearly established federal law was objectively reasonable." Id. at 409.

In determining whether an application was objectively unreasonable, "the most important point is that an <u>unreasonable</u> application of federal law is different from an <u>incorrect</u> application of federal law." <u>Id.</u> at 410. Interpreting <u>Williams</u>, the Second Circuit has added that although "[s]ome increment of incorrectness beyond error is required...the increment need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." <u>Frances S. v. Stone</u>, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks and citations omitted). This deferential standard applies whenever the state court has adjudicated the federal claim on the merits, even if it did not explicitly refer to the federal claim or discuss the reasoning for its decision, as long as the decision finally resolved a party's claims and was based on the substance of the claim advanced, rather than on a procedural ground. <u>Sellan v. Kuhlman</u>, 261 F.3d 303, 311 (2d Cir. 2001).

II. <u>Ineffective Assistance of Counsel</u>

Petitioner claims that he was denied the effective assistance of trial counsel for counsel's purported failure to advise him whether respondent's plea offer was desirable and for counsel's purported misrepresentation that, if convicted after trial, petitioner "could receive 'up to' 25 years to life." March 28, 2001 Petition at 9. As noted above, the court stayed West's petition so that he could exhaust this ineffective assistance claim in the state court. By order dated September 5, 2000, the section 440 court denied petitioner's motion on the merits. Petitioner's section 440 motion had raised the same two claims, that counsel had failed to advise him whether to accept the plea offer of six to twelve years and that counsel had misrepresented his maximum sentencing exposure if he proceeded to trial as "up to 25 years to life." Petitioner's Second Motion to Vacate at 8. Having reviewed the standard for ineffective

5

assistance established by Strickland, the section 440 court stated that, "[i]n claiming that his trial counsel was ineffective because he could not overcome defendant's decision to decline a very lenient plea offer, defendant does not meet this burden." Decision of Sept. 5, 2000 at 4. The court went on to state that:

> Defendant may regret his decision to ignore his counsel's recommendation that he accept a favorable plea offer but that does not render his counsel ineffective. In essence, defendant is alleging that his counsel was ineffective because he did not convince the defendant to take the plea offer.

Id. Ordinarily, when the state court denies a petitioner's claim on the merits, a federal habeas court may only grant relief if the state court decision was contrary to or involved an unreasonable application of Supreme Court precedent, or if the decision was based on an unreasonable determination of the facts. Given the unusual posture of the instant case and the evidence adduced at the hearing, the court notes that it would reach the same conclusion applying a de novo standard of review, much less AEDPA's deferential standard.

A petitioner seeking to attack his conviction based on ineffective assistance of counsel must: (1) show that counsel's performance fell below "an objective standard of reasonableness" under "prevailing professional norms," and (2) demonstrate prejudice, that is, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-89 (1984).

The standard established in Strickland concerning professional norms applies to claims arising out of the plea process. Hill v. Lockhart, 474 U.S. 52, 57 (1985). "A defendant suffers a Sixth Amendment injury where his attorney fails to convey a plea offer." Pham v. United

States, 317 F.3d 178, 182 (2d Cir. 2003). Defense counsel have a constitutional duty to give their clients professional advice on the crucial decision of whether to accept a plea offer from the government. Boria v. Keane, 99 F.3d 492, 498 (2d Cir. 1996). "As part of this advice, counsel must communicate to the defendant the terms of the plea offer and should usually inform the defendant of the strengths and weaknesses of the case against him, as well as the alternative sentences to which he will most likely be exposed." Purdy v. United States, 208 F.3d 41, 45 (2d Cir. 2000) (internal citations omitted). "[T]he ultimate decision whether to plead guilty must be made by the defendant," however, "[a]nd a lawyer must take care not to coerce a client into either accepting or rejecting a plea offer." Id.

A defendant suffers prejudice when he relies on counsel's erroneous advice and his statement that he would have accepted the offered plea bargain but for that advice is supported by objective evidence. Gordon, 156 F.3d at 380-81. A "great disparity" between the actual maximum sentencing exposure and the sentence exposure represented by defendant's attorney "provides sufficient objective evidence–when combined with a petitioner's statement concerning his intentions–to support a finding of prejudice under Strickland." Id. at 381.

In the instant case, petitioner does not contend that counsel failed to convey the plea offer of six to twelve years in full satisfaction of the indictment. Transcript of Apr. 1, 2005 at 92-93. Rather, petitioner argues that counsel failed to advise him of the desirability of the offer or to communicate to him the alternative sentence he could face following trial. As petitioner raised a disputed issue of fact concerning what his attorney had advised him about the plea offer and his sentencing exposure if he proceeded to trial, and the section 440 court decided

petitioner's claim in the absence of testimony from petitioner's counsel, the court conducted a hearing to develop the record.

It is not surprising, given that petitioner was tried and convicted approximately thirteen years ago, that it is no longer possible to reconstruct with any degree of certainty the exact sequence of events during petitioner's plea negotiations leading up to the decision to go to trial. Records and transcripts from the state court proceeding are either unavailable or silent on the issue presented in West's petition, and memories have faded. Counsel for both sides urge the court to draw inferences from purported inconsistencies between the witnesses' testimony and the sparse record of the state court proceedings. The court finds, however, in light of the fact that the documentary evidence provides, at best, minimal guidance, that its determination of the factual issue before it turns on an assessment of Kirsch's and West's credibility.

With respect to petitioner's contention that Kirsch never advised him on whether the plea offer was desirable, Kirsch and West offered irreconcilable accounts of their conversations. Kirsch testified that he conveyed to petitioner his belief that the six to twelve year offer was extremely favorable, particularly in light of the charges petitioner faced and the evidence against him. Id. at 9. Kirsch recalled stating "I just got you the deal of the century" and advising petitioner "that he should take it immediately, before they woke up and found out that this was a very lowball offer." Id. Petitioner testified that he first discussed the plea offer with Joy Sheinberg, who had appeared for Kirsch at the April 20, 1992 Supreme Court arraignment. Petitioner testified that Sheinberg did not give him any advice concerning the plea offer or otherwise discuss it with him. Id. at 70. Contrary to Kirsch's testimony, petitioner testified that Kirsch never advised him about the desirability of the plea offer and

8

disputed the circumstances of the conversation that Kirsch described as having transpired in a holding cell in the back of the courtroom. Id. at 73-74. Petitioner testified that "I wouldn't say a discussion about the advisability [of the plea occurred], because he didn't advise me of anything." Id. at 113.

The record from the state court proceedings serves neither to confirm nor to deny either version of what transpired. The court is unable to determine precisely when or where counsel discussed respondent's plea offer with petitioner and recognizes that memories, now more than a decade stale, can no longer provide certainty concerning such particulars. Having considered the testimony of all the witnesses, however, the court credits Kirsch's testimony that he advised petitioner that the plea offer was extremely favorable.

The court likewise credits Kirsch's testimony that, while he did not specify with an exact number the sentence petitioner faced if he were to receive consecutive sentences on every count of the indictment, he did indicate to petitioner that "he was facing spending the rest of his life in jail" and that the sentences could run consecutively. Id. at 10, 40. In light of this testimony, the court finds that counsel adequately informed petitioner of the extent of his sentencing exposure upon conviction following trial. As a result, the court concludes that counsel's representation was consistent with prevailing professional norms for advising a client during plea negotiations of his maximum exposure to imprisonment at sentencing.

In light of the court's credibility determination, the court concludes that the state court ruling must not be disturbed. As petitioner has not satisfied the first prong of Strickland, habeas relief is not warranted.

## CONCLUSION

9

For the foregoing reasons, the court denies the instant motion to reconsider its denial of West's petition for a writ of habeas corpus. No certificate of appealability is granted with respect to any of the petitioner's claims, since the petitioner failed to make a substantial showing of any denial of his constitutional rights. The petitioner has a right to seek a certificate of appealability from the United States Court of Appeals for the Second Circuit. See 28 U.S.C. § 2253.

The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.

_____
Allyne R. Ross
United States District Judge

Dated: April 20, 2005
        Brooklyn, New York

SERVICE LIST:

Attorney for Petitioner
Jeffrey G. Pittell
299 East Shore Rd.
Great Neck, NY 11023

Attorney for Respondent
Thomas S. Burka
Office of the Kings County District Attorney
350 Jay Street
Brooklyn, NY 11201